198 N.J. Super. 19 (1985)
486 A.2d 344
DAIRY STORES, INC., T/A KRAUSZER'S FOOD STORES, PLAINTIFF-APPELLANT,
v.
SENTINEL PUBLISHING CO., INC., PATERSON CLINICAL LABORATORY, INC. AND KATHLEEN DZIELAK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1984.
Decided January 14, 1985.
Before Judges KING, DEIGHAN and BILDER.
Jay J. Rice argued the cause for appellant (Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein, attorneys; Meth, Nagel, Rice, Woehling & Bausch, of counsel; Mr. Rice, of counsel; Amy E. Stein and Jay Rice, on the brief).
Douglas G. Sanborn argued the cause for respondents Sentinel Publishing Co., Inc. and Kathleen Dzielak (Jamieson, McCardell, Moore, Peskin & Spicer, attorneys; Mr. Sanborn, on the brief).
*20 Norbert T. Knapp argued the cause for respondent Paterson Clinical Laboratory, Inc. (Luongo & Catlett, attorneys; Mr. Knapp, of counsel and on the brief).
PER CURIAM.
This is an appeal from a summary judgment dismissing a defamation suit brought against a paper, a reporter and a chemical laboratory which was consulted by the reporter and became a source for a story alleging that bottled "spring water" was not in fact pure spring water. We affirm substantially for the reasons expressed by Judge Skillman in his written opinion reported at 191 N.J. Super. 202 (Law Div. 1983).
Although we recognize that the United States Supreme Court disclaimed deciding the issue, we believe Bose Corp. v. Consumers Union of U.S., Inc., ___ U.S. ___, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984) implicitly extends the New York Times v. Sullivan requirement of "actual malice" to product disparagement.[1]
The Court of Appeals entertained some doubt concerning the ruling that the New York Times rule should be applied to a claim of product disparagement based on a critical review of a loudspeaker system. We express no view on that ruling, but having accepted it for purposes of deciding this case, we agree with the Court of Appeals that the difference between hearing violin sounds move around the room and hearing them wander back and forth fits easily within the breathing space that gives life to the First Amendment. Id. 104 S.Ct. at 1966, 80 L.Ed.2d at 525. [Emphasis supplied].
Affirmed.
NOTES
[1] For a discussion of the relationship of product disparagement by noncompetitors to the First Amendment, see Note, "Corporate Defamation and Product Disparagement: Narrowing the Analogy to Personal Defamation," 75 Colum.L. Rev. 963, 986-993 (1975).